(No. 3990— )

MERRILL CLAYTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1947.*

ROY A. PTACIN, Attorney, for claimant.

GEORGE F. BARRETT, Attorney General, and WM. L. MORGAN, Assistant Attorney General, for respondent.

DAMRON, J.

Complaint was filed September 27, 1946 to recover an award for injuries sustained by claimant on May 31, 1946. Evidence on behalf of claimant was heard before the Commissioner on December 5, 1946 and the transcript filed December 31, 1946.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act and the accident in question arose out of and in the course of the employment.

Respondent furnished complete surgical, medical and hospital treatment. The only question to be determined is the extent of the permanent and partial loss of the use of claimant's hand and leg.

Claimant testified that on May 31, 1946 while employed as an attendant at the Chicago State Hospital, he was assigned by his supervisor to assist in unloading a carload of cabbages. As he attempted to leave the car, he slipped and fell thereby injuring his left knee and right arm. He experienced intense pain and was taken to the hospital. He was x-rayed, given treatment, and the following day sent to the Illinois Research Hospital where his arm received attention. Two days later surgery was performed on his knee. He remained at Illinois Research for about 25 days, after which he was confined to the employee's Chicago State Hospital for about three months. He was discharged and resumed work on September 4, 1946.

Since the accident he has difficulty in moving his arm; has considerable pain and his hand is tired and weak. Before the injury he experienced no such disability or discomfort. He also suffers pain in his knee especially

in climbing up or going down stairways or on street cars, and cannot straighten it out as he could before the accident. A crescent shape scar, 7½ inches long, appears across the knee cap.

Dr. Albert C. Field, a witness for claimant, examined him on two occasions before the hearing. He testified there is an enlargement of the left knee, some atrophy of the left thigh and that flexion was limited about 45 degrees of normal and extension about 20 degrees. Crepitation may be heard when the knee is flexed.

The right forearm is held in silver forked deformity. There is a limitation of about 45 degrees of normal inflexion and of about half in pronation and supination of the right hand. He interpreted the x-rays of the forearm as showing an injury to the scaphoid bone of the right wrist with some osteoporosis of the styloid process of the radius. The x-rays of claimant's left knee as read by Dr. Field revealed a fracture of the patella partially reduced and held in apposition by wire sutures with some irregularity of the articulating surface. The fracture discloses a fibrous union without complete healing with bony tissue.

Dr. Louis Olsman, a resident surgeon at the Chicago State Hospital since 1938, testified on behalf of respondent. The x-rays revealed fractures of claimant's left knee and the vavicular bone of the right forearm. Although the patient showed improvement he was of the opinion that claimant, by reason of residual pain and limitation of movement, has 30% permanent disability of the left knee and about 25% permanent disability of the right wrist.

Claimant's annual earnings were $1,740.00 which represents $33.46 per week. He had no children under 16 years of age and therefore his weekly rate of compensa-

tion would be $15.00 increased by 20% as required by statute, namely, $18.00 per week.

The record shows claimant was totally incapacitated from May 31 to September 4, 1946, a period of 13 weeks 4 days. During this period he was entitled to receive $244.28 but was actually paid $145.00 for June; $135.65 for July; $112.26 for August and $14.34 for three days in September, or a total of $407.25, being $162.97 in excess of the amount to which he was entitled.

The evidence and particularly respondent's medical witness clearly establishes that claimant has sustained a permanent and partial loss of use of the right hand to the extent of 25% and a permanent and partial loss of use of his left leg to the extent of 30%.

On the basis of this record, we make the following award: For the disability to the right hand, claimant is entitled under Section 8 (e) of the Workmen's Compensation Act to an award of $765.00 computed at the rate of $18.00 for 42½ weeks or 25% of 170 weeks. For the permanent, partial specific loss of use of the left leg claimant is entitled to an award of $1,026.00 being the weekly rate for a period of 57 weeks or 30% of 190 weeks, making a total award of $1,791.00 from which must be deducted the sum of $162.97 representing an overpayment of money paid by respondent to claimant for temporary total compensation leaving a balance of One Thousand Six Hundred Twenty-eight Dollars ($1,628.03) Three Cents for which an award is hereby entered in favor of claimant. Of this amount, the sum of $738.00 has accrued as of March 21, 1947 and is payable in a lump sum forthwith. The unaccrued balance of said award amounting to $890.03 is to be paid in weekly installments of $18.00 for a period of 49 weeks with one final payment of $8.03.

A. M. Rothbart, Court Reporting Service, 120 South LaSalle Street, Chicago, Illinois, was employed to take and transcribe the evidence in this case and has rendered a bill in the amount of $45.60. The Court finds that the amount charged is fair, reasonable and customary and said claim is allowed.

This award is subject to the approval of the Governor as provided in Section 3 of, "An Act concerning the payment of compensation awards to State employees."